THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CESAR VALDEZ-SANUDO, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. CR20-0217-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Wayne A.J. Frisby's amended motion to appoint Russell Aoki as coordinating discovery attorney (Dkt. No. 113). Mr. Frisby asks the Court to appoint Mr. Aoki as the coordinating discovery attorney for ten defendants and their court-appointed counsel.[1] Discovery in this matter is anticipated to be voluminous. (*Id.* at 2.) It will include thousands of pages of documents, thousands of wiretap interceptions from multiple cell phones, pen register data, photos, and surveillance videos. (*Id*.) Mr. Aoki has been appointed

---

[1] Eleven defendants are charged in this matter, but the motion is not brought on behalf of or for the benefit of Defendant Gabriel Vasquez-Ruiz and his attorney, Stephan Illa, because Mr. Illa "requested that his client not be associated with the filing." (Dkt. No. 113 at 1 n.1.) Accordingly, this order does not apply to Mr. Vasquez-Ruiz or Mr. Illa. As used in this order, "all defendants" means Wayne A.J. Frisby, Cesar Valdez-Sanudo, Omar Vasquez-Limon, Aaron Alarcon-Castaneda, Jose Luis Arredondo-Valdez, Yvette Y. Olguin, Fausto Paz, Steven R. Del Vecchio, Tracy Hawkins, and Keith A. Silverson. "Court-appointed defense counsel" and "defense counsel" mean counsel for these defendants.

as a Coordinating Discovery Attorney in over 100 federal cases and he has extensive experience strategizing how best to organize discovery while maintaining evidentiary integrity. (*Id.* at 3.) He has already been appointed as a Coordinating Discovery Attorney in the related matter of *United States v. Gomez-Marentes et al.*, Case No. CR20-0092-JCC (W.D. Wash. 2020). Having thoroughly considered the motion and the relevant record, the Court GRANTS the motion.

It is hereby ORDERED that Russell M. Aoki of Aoki Law, PLLC is appointed as Coordinating Discovery Attorney for Court-appointed Defense Counsel. Mr. Aoki shall oversee any discovery issues common to all defendants. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to all defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

- Providing training and support services to the defense teams as a group and individually.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

The Coordinating Discovery Attorney's duties do not include providing representation services, and therefore he will not be establishing an attorney-client relationship with any of the defendants. Discovery intended for a specific defendant that is not to be shared with all defendants shall be produced by the Government directly to counsel for that defendant. Discovery issues specific to any defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney.

The Government shall provide a copy of any common discovery produced by the Government prior to this Order to the Coordinating Discovery Attorney within 14 days. The Government shall provide additional discovery directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel, unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the Coordinating Discovery Attorney. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services including confirming the work previously agreed to be performed. However, the Court acknowledges his time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* status reports depicting the status of work and whether that work remains within the budget of any funds authorized by the Court, with a copy provided to defense counsel.

DATED this 8th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE