THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0217-JCC |
| Plaintiff, | ORDER |
| v. | |
| CESAR VALDEZ-SANUDO, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the Government's motion to continue trial (Dkt. No. 112). In December 2020, a grand jury indicted the 11 defendants in this case with a variety of crimes relating to an alleged conspiracy to distribute controlled substances. (*See generally* Dkt. No. 1.) The charges stem from a multi-agency investigation into an alleged drug trafficking organization that began in January 2019 and led to the arrest and indictment of 20 defendants in July 2020 in *United States v. Gomez-Marentes, et al.*, Case No. CR20-0092-JCC (W.D. Wash. 2020). (Dkt. No. 112 at 3.) Further investigation led to the instant indictment. (*Id.*) The investigation involved numerous court-authorized wiretaps and thousands of hours of physical and electronic surveillance. (*Id.*) Investigators secured "over 100 tracking and search warrants and obtained authorization for 14 wiretaps, leading to the interception of more than 20 target telephones between September 2019 and December 2020." (*Id.*)

The Government moves to continue trial from February 22, 2021 to a date no earlier than February 2022 because of the complexity of the case and the voluminous discovery.[1] (Dkt. No. 112.) The Government has produced the wiretap applications, orders, and related documents to defense counsel, and

> [t]he wiretap pleadings alone amount to more than 3,400 pages of material. Additional discovery—consisting of thousands of pages of pen register/tracking affidavits (and data obtained therefrom), line sheets from the wiretaps, law enforcement reports, audio/video recordings of controlled buys, thousands of hours of mounted surveillance camera footage, and more—is forthcoming. The United States will also be producing audio of the intercepted telephone calls, the majority of which are in the Spanish language. . . . In the related case of [CR 20-0092-JCC], the United States has already produced more than 100,000 documents and files, most of which will need to be produced in largely unredacted form for this case.

(*Id.* at 3-4.)

Through counsel, Defendant Cesar Valdez-Sanudo, who is presently detained pending trial, opposes the Government's motion, citing concerns over potential exposure to COVID-19 at the FDC and a reduced ability to consult with counsel because of restrictions on visitation. (Dkt. No. 120.) The remaining defendants have not responded to the Government's motion, although four—Tracy Hawkins, Keith Silverson, Yvette Olguin, and Steven R. Del Vecchio—have filed speedy trial waivers through at least January 31, 2022.[2] (Dkt. Nos. 119, 121, 122, 128.)

Having thoroughly considered the parties' briefing and the relevant record, the Court FINDS as follows:

---

[1] The Court appointed a coordinating discovery attorney in this matter, (Dkt. No. 129), and in the related case, *Gomez-Marentes*, Case No. CR20-0092-JCC, Dkt. No. 271 (W.D. Wash. Sept. 15, 2020).

[2] Although Defendant Gabriel Vazquez-Ruiz filed an objection to the Court's General Order 18-20 regarding the impact of the COVID-19 pandemic on the Court's operations, (Dkt. No. 101), he did not respond to the Government's motion to continue. Therefore, the Court considers the motion to continue to be unopposed by Mr. Vazquez-Ruiz. *See* W.D. Wash. Local Crim. R. 12(b)(2) (each party opposing a motion must file a brief in opposition to the motion); W.D. Wash. Local Crim. R. 12(b)(4) (failure to file an opposition as required by the local rules may be deemed an admission that any opposition is without merit).

1. This is a complex case due to the number of defendants and corresponding volume of discovery to be provided and it is unreasonable to expect adequate preparation for pretrial proceedings or trial as those dates are currently set, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).
2. The failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).
3. The failure to grant a continuance would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).
4. The ends of justice will be served by granting a continuance, as it is necessary to ensure adequate time for case preparation, and the ends of justice served outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).
5. The period of delay for the defendant opposing a continuance is reasonable. *See* 18 U.S.C. § 3161(h)(6).

For the foregoing reasons, the Court GRANTS the Government's motion to continue trial (Dkt. No. 112). The trial is hereby CONTINUED to January 31, 2022, at 9:30 a.m. The Court further ORDERS that the time between the date of this order and January 31, 2022 is excludable time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (B)(ii), and (B)(iv). The Court DIRECTS the parties to file pretrial motions no later than sixty days prior to the trial date.

DATED this 9th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE